IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Universal North America** | ) | Civil Action No. 2:16-693-CWH-BM |
| **Insurance Company,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **George Bower, Danielle T. Bower**, | ) | |
| **Aimee Spencer, Sara Gibbons,** | ) | |
| **and Lacey Gibbons, individually** | ) | |
| **and as parent and guardian and** | ) | |
| **legal representative of Logan** | ) | |
| **Gibbons and Mikelyn Gibbons,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This action has been filed by the Plaintiff seeking a declaration from the Court regarding whether it has a duty to indemnify and/or a duty to defend Defendants Danielle T. Bower and George Bower (collectively "the Bowers"), who were the insureds under a homeowner's policy issued by the Plaintiff. The claims brought against the Bowers arise out of an accident involving a golf cart driven by Mrs. Bower on which Lacey Gibbons, Sarah Gibbons, Logan Gibbons, and Aimee Spencer were occupants. On August 16, 2016, Aimee Spencer was dismissed as a party Defendant, without prejudice, pursuant to a release filed by the Plaintiff.

On August 29, 2016, the Plaintiff filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. As one or more of the Defendants are proceeding pro se[1], a Roseboro order

---

[1]At the time of the entry of the Roseboro order, Defendant Sara Gibbons had entered a pro se
(continued...)



1

was entered by the Court on August 30, 2016, advising all of the Defendants of the importance of a motion to dismiss or for summary judgment, and of the need for them to file an appropriate response. Defendants were specifically advised that if they failed to respond adequately to the Plaintiff's motion, the motion could be granted. On August 31, 2016, the clerk entered an entry of default as to both of the Bower Defendants. Lacey Gibbons, individually and as parent and guardian and legal representative of Logan Gibbons and Mikelyn Gibbons, (collectively, "Responding Defendants") then filed a memorandum in opposition to summary judgment, to which Plaintiff filed a reply memorandum on September 20, 2016.

Plaintiff's motion is now before the Court for disposition.[2]

**Background**

On November 28, 2015, Danielle T. Bower was operating a golf cart at approximately 10 miles per hour on a public road in her neighborhood, Rivertowne Club. Defendants, except Mr. Bower, were passengers at the time of the accident. Automobile traffic backed up behind the golf cart. As testified to by Mrs. Bower at her deposition:

> There is a golf course in our neighborhood and there is sidewalks. So I pulled up on this little grass area, and then there is a sidewalk and then there is the golf course. So I pulled up on the grass area to stop and let all, probably like two or three cars behind me [. . . ] My intentions were to pull up there and stop and let them pass and then get back to the road and keep going [...] I got all the way onto the grass, and then [...] it felt wobbly. Because I think I just overcorrected a little bit and then it tipped over [resulting in injuries to occupants of the golf cart].

---

[1](...continued)
appearance and the Bowers had not filed any responsive pleading and/or entered an appearance.

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Plaintiff has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



See <u>Danielle Bower Examination</u>, p. 21.

At the time of the accident, the Bowers were insured under a homeowner's policy issued by the Plaintiff. This policy covered the period from January 12, 2015, through January 12, 2016. See Plaintiff's Exhibit A. Defendants have asserted a claim against the Plaintiff's policy issued to the Bowers.

Plaintiff initiated this action seeking a declaratory judgment that the Bowers are not entitled to a defense or coverage with respect to this claim, and now seek summary judgment. The Responding Defendants oppose Plaintiff's motion for summary judgment, arguing that they are entitled to coverage for their claims based upon the terms of the homeowner's policy. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.

**Discussion**

Under South Carolina law, "the duty to defend exists where there is a possibility of a covered claim, [but] an insurer is obligated to indemnify the insured only for claims that in fact fall within the scope of the coverage provided by the policy." <u>Jessco, Inc. v. Builders Mutual Ins. Co.</u>, 472 Fed. Appx. 225, 231 (4th Cir. 2012). Even so, while "[i]t is the insured's burden to establish that a claim falls within the coverage of an insurance contract . . . [,] the insurer shoulders the burden of establishing exclusions to coverage and the exclusion is construed 'most strongly' against the

3



insurer". . . . <u>State Farm Fire and Casualty Co. v. Blanton</u>, No. 13-2508, 2015 WL 9239788 at * 7 (D.S.C. Dec. 17, 2015)(internal citations omitted).

Here, the insurance policy between the Plaintiff and the Bowers provides in the relevant part of Section II - Liability, coverage as follows:

> Coverage E - Personal Liability
>
> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will: 1. Pay up to our limit of liability for the damages for which an "insured" is legally liable [...]
>
> Coverage F - Medical Payments To Others
>
> We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of an accident causing "bodily injury" [...] As to others, this coverage applies only: 1. To a person on the "insured location" with the permission of an "insured"; or 2. To a person off the "insured location", if the "bodily injury": [...] b. Is caused by the activities of an "insured"

An occurrence is defined in the policy as: "accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in: a. 'Bodily injury'; or 'Property damage'". <u>See</u> Plaintiff's Exhibit A, p. 2.

Plaintiff has not contested that it was the behavior of Mrs. Bower that led to the occurrence at issue, as the golf cart was within her direct control at the time of the accident. Rather, the dispute between Plaintiff and the Responding Defendants is where the occurrence occurred, as the policy has exclusions in Section II which provide:

> A. "Motor Vehicle Liability"
>
> 1. Coverage E [liability] and F [medical payments] do not apply to any "motor vehicle liability" if, at the time and place of an "occurrence", the involved "motor vehicle":
> . . .

4



    b. Is not registered for use on public roads or property, but such registration is required by a law, or regulation issued by a government agency, for it to be used at the place of the "occurrence"[.]

Plaintiff argues that the incident occurred on a public road, and that the golf cart was therefore operating in an area where it was required to be registered but was not registered. See Plaintiff's Reply Brief, p. 4.

  The Responding Defendants concede that "[i]f the occurrence took place on a public road then the golf cart would have been required to be registered [it was not] and Defendants would be barred from coverage." See Memorandum in Opposition to Summary Judgment, p. 6. However, the Responding Defendants contend that the occurrence in this case (the actual accident at issue) did not occur on a public road. In support of this argument, the Responding Defendants have submitted evidence to show that on November 28, 2015[3], Rick Kijanka witnessed a golf cart damaged and sitting in the grass on the opposite side of Rivertowne Country Club Drive across from his residence. See Kijanka's Affidavit, ¶ 2. Subsequently, on May 12, 2016, Kijanka marked the outline of where the golf cart landed with spray paint. See Kijanka's Affidavit, ¶ 3. On May 13, 2016, Peabody & Associates, Inc. surveyed the spray painted outline of the golf cart created by Kijanka and prepared a plat. Responding Defendants contend that this plat confirms that the golf cart accident occurred on the golf course, not on the "public roads". See Court Docket Nos. 42-2, 42-3, and 42-4.

  In order to grant summary judgment for the Plaintiff, the Court would have to find that there is no question of fact that the occurrence occurred on a public road. Based on the evidence

---

[3]The memorandum in opposition apparently has a scrivener's error listing this date as November 18, 2015. See Memorandum in Opposition to Summary Judgment, p. 3. However, Kijanka's Affidavit lists the date of November 28, 2015, which was also the date of the accident. See Kijanka's Affidavit, ¶ 2.



submitted, no such finding can be made, as the evidence presented calls into question whether the occurrence occurred on a public road or on private property. The plat submitted by the Responding Defendants shows that the golf cart overturned in an area out of the public right-of-way, while Mrs. Bowers specifically testified, "I got all the way onto the grass, and **then** [...] it felt wobbly. Because I think I just overcorrected a little bit and then it tipped over." See Danielle Bower Examination, p. 21 [Emphasis Added]. Therefore, Plaintiff is not entitled to summary judgment on this ground. Muhammad v. Klotz, 36 F.Supp.2d 240, 243 (E.D.Pa. 1999)["Thus, at the summary judgment stage the only inquiry is the threshold one of determining whether there is the need for a trial, that is, 'whether the evidence presents a sufficient disagreement to require submission to [the trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'"].

Responding Defendants further point out that injuries derived from use of a golf cart can be covered under Section II A.2.e., which allows coverage for:

> A motorized golf cart that is owned by an "insured", designed to carry up to 4 persons, not built or modified after manufacture to exceed a speed of 25 miles hour on level ground and, at the time of an "occurrence", is within the legal boundaries of:
>
> (1) A golfing facility and is parked or stored there, or being used by an "insured" to:
>
> (a) Play the game of golf or for other recreational or leisure activity allowed by the facility;
>
> (b) Travel to or from an area where "motor vehicles" or golf carts are parked or stored; or
>
> (c) Cross public roads at designated points to access other parts of the golfing facility;
> . . .

See Plaintiff's Exhibit A, p. 17 [Exclusion A.2.e.(1)].

6



Although Plaintiff argues that this section does not apply since it is uncontested that the Defendants were not playing golf or attempting to access the golf facilities at the time of the accident, Section II A.2e(1)(a) also clearly provides coverage "for other recreational or leisure activity allowed by the facility." No further evidence on this point had been submitted, and the undersigned is unable to find as a matter of law based on the evidence provided that the golf cart ride at issue in this case could not be considered "other recreational or leisure activity allowed by the facility" under the terms of the policy. Blanton, 2015 WL 9239788, at * 7 ["[T]he insurer shoulders the burden of establishing exclusions to coverage and the exclusion is construed 'most strongly' against the insurer". . . .]. Therefore, Plaintiff is also not entitled to summary judgment on this ground. Muhammad, 36 F.Supp.2d at 243; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)["[T]he weighing of evidence, and drawing of legitimate inferences from the facts" are functions for the trier of fact].

## Conclusion

Based on the foregoing, it is recommended that the Plaintiff's motion for summary judgment be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 4, 2016
Charleston, South Carolina



7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a Defendants' Exhibit novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

