IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Universal North America Insurance Company, | ) ) ) | Civil Action No. 2:16-693-DCN |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| George Bower, Danielle T. Bower, Aimee Spencer, Sara Gibbons, and Lacey Gibbons, individually and as parent and natural guardian and legal representative of Logan Gibbons and Mikelyn Gibbons, | ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

This matter is before the court upon the report and recommendation ("R&R") of United States Magistrate Judge Bristow Marchant recommending that plaintiff Universal North America Insurance Company's ("Universal") second motion for summary judgment be denied. For the reasons set forth below, the court adopts the R&R and denies Univeral's second motion for summary judgment.

## I.  BACKGROUND

### A.  Facts

On November 28, 2015, defendant Danielle T. Bower ("Mrs. Bower") operated a golf cart on a public road in her neighborhood, Rivertowne Country Club, in Mt. Pleasant, South Carolina. Compl. ¶ 11, ECF No. 1. Defendants Aimee Spencer,[1] Sara Gibbons, and Lacey Gibbons ("Gibbons"), along with her two minor children Logan and

---

[1] On August 16, 2016, defendant Aimee Spencer was dismissed from the case pursuant to a release filed by Universal. ECF No. 29.

1

Mikelyn Gibbons, were passengers on the golf cart. Compl. ¶¶ 6–7. The purpose of the golf cart ride was to "cruise around the neighborhood" and "look at houses." Mrs. Bower Exam. 17:15–23, ECF No. 34-3; Mrs. Bower Dep. 9:13–18, ECF No. 72-11.

Mrs. Bower drove the golf cart on Rivertowne Country Club Drive at ten miles per hour and was approximately a mile from her residence when traffic began to back up behind the golf cart. Mrs. Bower Exam. 18:3–5, 19:8–10, 20:1–6, 13–20. According to Mrs. Bower:

> [T]here is a golf course in our neighborhood and there is sidewalks. So I pulled up on this little grass area, and then there is a sidewalk and then there is the golf course. So I pulled up on the grass area to stop and let all—probably like two or three cars behind me. . . . [M]y intentions were to pull up there and stop and let them pass and then get back to the road and keep going. . . . I got all the way up onto the grass, and then . . . it felt wobbly. Because I think I just overcorrected a little bit and then it tipped over.

Mrs. Bower Exam. 21:3–21. However, in a later deposition, Mrs. Bower testified that the golf cart flipped immediately after hitting the curb. Bower Dep. 11:13–21. The accident resulted in injuries to the occupants of the golf cart. Compl. ¶ 14.

At the time of the accident, Mrs. Bower and George Bower (collectively, the "Bowers") were insured under a homeowner's policy (the "Policy") issued by Universal. Compl. ¶ 5; see Policy, ECF No. 1-1. An attorney for the injured parties has made a claim against the Policy. Compl. ¶ 15.

**B.  Procedural History**

On March 3, 2016, Universal brought this declaratory judgment action, seeking a declaration that the Bowers are not entitled to coverage with respect to the golf cart accident. Compl. 3. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule

73.02(B)(2)(e) (D.S.C.); the case was referred to the magistrate judge for pre-trial proceedings. On August 29, 2016, Universal filed a motion for summary judgment, contending that the underlying incident is excluded from coverage because the incident involved an unregistered golf cart that was required by law to be registered for use on public roads. ECF No. 42. On October 4, 2016, Magistrate Judge Bristow Marchant issued an R&R recommending that Universal's motion for summary judgment be denied, finding that a potential question of fact existed based on (1) a plat submitted by Gibbons purporting to show that the golf cart overturned in an area out of the public right-of-way; (2) Mrs. Bower's testimony that the golf cart flipped after it was on the grass; and (3) and a potential question of fact concerning whether the golf cart was being used for a recreational or leisure activity permitted by the golf course. R&R 5–7, ECF No. 45. On February 17, 2017, the court adopted the R&R and denied Universal's motion for summary judgment. ECF No. 50. Thereafter, Universal filed a motion to alter or amend the court's February 17, 2017 order, ECF No. 54, which was denied on April 12, 2017, ECF No. 62.

On June 30, 2017, Universal filed a second motion for summary judgment, presenting additional evidence to support its request for summary judgment—depositions of Aimee Spencer, Richard Kijanka, Mrs. Bower, George Bower, Gibbons, Tyler Gibbons, Sarah Gibbons, and Tate Gibbons; video footage of the scene of the accident recorded by the Mount Pleasant Police Department; and a witness statement taken by the Mount Pleasant Police Department—to show that the golf cart accident at issue did not occur on the golf course, but rather on the public road, and, therefore, is not covered

under the Policy. ECF No. 72. As one or more of defendants are proceeding pro se,[2] the case was referred to the magistrate judge for an R&R, who promptly issued a Roseboro order, advising defendants of the importance of a motion for summary judgment and the need to file an appropriate response. ECF No. 76. On July 14, 2017, Gibbons filed a response in opposition to the second motion for summary judgment, ECF No. 78, and on July 21, 2017, Universal filed a reply thereto, ECF No. 79. On August 18, 2017, Magistrate Judge Bristow Marchant issued an R&R recommending that Universal's second motion for summary judgment be denied, again finding that he is unable to determine that there is no question of fact that the occurrence occurred on a public road and that he is "unable to find as a matter of law based on the evidence provided that the golf cart ride at issue . . . could not be considered 'other recreational or leisure activity allowed by the facility' under the terms of the [P]olicy." R&R 9–10, ECF No. 86 (citation omitted). On September 1, 2017, Universal submitted objections to the R&R, ECF No. 88, and on September 15, 2017, Gibbons filed a response thereto, ECF No. 89.

## II.  LEGAL STANDARD

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A genuine issue of fact exists if the evidence presented could lead a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A court considering a motion for summary judgment must view all facts and draw all reasonable inferences from the evidence before it in a light

---

[2] Defendant Sara Gibbons entered a pro se appearance. In addition, the Bowers failed to file any responsive pleading and/or enter an appearance. On August 31, 2016, the clerk entered an entry of default as to the Bowers. ECF No. 38.

most favorable to the non-moving party. Id. "The party moving for summary judgment bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick Cty. Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). If the movant carries this burden, then the burden "shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Id. at 718–19 (citing Anderson, 477 U.S. at 247–48). "A mere scintilla of evidence supporting the [non-moving party's] case is insufficient" to defeat a motion for summary judgment. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (citation omitted); Anderson, 477 U.S. at 256 (noting that a non-moving party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial").

### III. DISCUSSION

This matter is now before the court for disposition. The magistrate judge makes only a recommendation to this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. Id. at 271. The court is charged with making a de novo determination of any portions of the magistrate judge's recommendation to which a specific objection is made. 28 U.S.C. § 636(b)(1). The court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions. Mathews, 423 U.S. at 270-71; Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993). The court's final decision is based upon the actual record, not merely the magistrate judge's reported findings. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985).

The court "may accept, reject, or modify, in whole or in part," the R&R, "or recommit the matter . . . with instructions." 28 U.S.C. § 636(b)(1).

A.  **Duty to Defend or Indemnify**

Although "the duty to defend exists where there is a possibility of a covered claim, an insurer is obligated to indemnify the insured only for claims that in fact fall within the scope of the coverage provided by the policy." Jessco, Inc. v. Builders Mut. Ins. Co., 472 F. App'x 225, 231 (4th Cir. 2012) (per curiam). Under South Carolina law, "[q]uestions of coverage and the duty of a liability insurance company to defend a claim brought against its insured are determined by the allegations of the complaint." City of Hartsville v. S.C. Mun. Ins. & Risk Fin. Fund, 677 S.E.2d 574, 578 (S.C. 2009) (citation omitted).

Courts are required to give policy language its "plain, ordinary, and popular meaning." M & M Corp. of S.C. v. Auto-Owners Ins. Co., 701 S.E.2d 33, 35 (S.C. 2010) (citations omitted). "Policies are construed in favor of coverage . . . ." Id. (citation omitted). The insured carries the burden to show "that a claim falls within the coverage of an insurance contract." State Farm Fire & Cas. Co. v. Mitchell, Case No.: 3:15-1673-TLW, 2016 WL 5661690, at *4 (D.S.C. Sept. 30, 2016) (citations omitted). "Alternatively, the insurer shoulders the burden of establishing the exclusions to coverage and the exclusion is construed 'most strongly' against the insurer." Id. (citation omitted). However, it is the insured's burden to prove an exception to the exclusion. Id. (citation omitted).

**B.     The Policy Terms**

Section II, Liability Coverages, of the Policy provides in relevant part:

> A. Coverage E—Personal Liability
> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
> 1. Pay up to our limit of liability for the damages for which an "insured" is legally liable . . . .
>
> . . .
>
> B. Coverage F—Medical Payments to Others
> We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of an accident causing "bodily injury". . . . As to others, this coverage applies only:
> 1. To a person on the "insured location" with the permission of an "insured"; or
> 2. To a person off the "insured location", if the "bodily injury":
>    . . .
>    b. Is caused by the activities of an "insured"[.]

Policy, Section II.A & B, at 16.

The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in: a. 'Bodily injury'; or b. 'Property damage'." Policy, B.8, at 2.

One of the Policy exclusions provides:

> Coverages E [Personal Liability] and F [Medical Payments to Others] do not apply to any "motor vehicle liability" if, at the time and place of an "occurrence", the involved "motor vehicle": . . . b. Is not registered for use on public roads or property, but such registration is required by a law, or regulation issued by a government agency, for it to be used at the place of the "occurrence" . . . .

7

Policy, Section II.A.1.b., at 16. However, this exclusion does not apply if the motor vehicle is:

> A motorized golf cart that is owned by an "insured", designed to carry up to 4 persons, not built or modified after manufacture to exceed a speed of 25 miles per hour on level ground and, at the time of an "occurrence", is within the legal boundaries of:
> (1) A golfing facility and is parked or stored there, or being used by an "insured" to:
> (a) Play the game of golf or for other recreational or leisure activity allowed by the facility;
> (b) Travel to or from an area where "motor vehicles" or golf carts are parked or stored; or
> (c) Cross public roads to designated points to access other parts of the golfing facility . . . .

Policy, Section II.A.2.e., at 16–17. In other words, if Section II.A.1.b. concerning golf cart registration for use on public roads does not apply, the Policy still excludes coverage unless the golf cart is within the legal boundaries of a golfing facility and is being used to play golf or for recreational or leisure activity permitted by the facility. Id.

C.   **Universal's Objections**

Universal lists two objections to the R&R. Specifically, Universal asserts that the magistrate judge erred in finding a question of fact as to whether (1) the occurrence happened in an area where the golf cart was required to be registered; and (2) the individuals involved in the accident were engaged in recreational or leisure activities allowed by the facility at the time of the occurrence. Objs. 3–4. The court addresses each of these objections in turn.

8

**1. The magistrate judge erred when he found that there is a dispute of fact as to whether the accident occurred in an area where the golf cart was required to be registered.**

The location of the accident is pivotal to this case as it determines whether coverage is excluded under Section II of the Policy. As stated above, coverage is excluded if the golf cart is "not registered for use on public roads or property, but such registration is required by a law." Policy, Section II.A.1.b., at 16. Under South Carolina law, a golf cart operated on public roads must be registered. S.C. Code § 56-2-105(C). In the R&R, the magistrate judge recommends that the court deny summary judgment because there is a dispute of fact as to the location of the accident. R&R 9.

In its objection to the R&R, Universal asserts that the magistrate judge erred by finding that there is a dispute of material fact with respect to the location of the accident. Objs. 4–6. Universal contends that "this accident occurred after a golf cart, which was driving down a public road, struck the road's curb and flipped immediately." Id. at 6. Universal argues that the magistrate judge's sole reliance on Aimee Spencer's deposition, wherein she testified that the golf cart's final resting place was between the two sidewalks,[3] is improper because it is contradicted by the evidence in this case and is irrelevant because the injuries in this case occurred where the golf cart flipped, not where the golf cart ultimately rested. Id. at 4–5.

In opposition, Gibbons claims that the location of the accident is a disputed question of material fact; therefore, she contends summary judgment is not appropriate. Resp. to Objs. 2. Gibbons contends that the accident did not take place on the public road

---

[3] Adjacent to the public road are two sidewalks. The parties do not dispute that the area between the two sidewalks is not in the public right-of-way.

9

but instead occurred on the golf course in a private neighborhood, an area where the golf cart is not required to be registered. Id. Gibbons explains that the Policy's term "occurrence" "covers the period of time from when the golf cart first struck the curb until the golf cart came to rest on its side on the golf course." Id. Gibbons states that "[t]he location of where the occupants of the golf cart landed after being thrown from the golf cart is irrelevant to the issue of where the occurrence happened." Id. at 3. Moreover, Gibbons acknowledges the conflicting evidence introduced by Universal, but she explains that it "is not dispositive on its own but must be weighed by the trier of fact along with all other evidence in the case." Id. at 2.

First, the court notes that the golf cart's final resting place is relevant to the motion at hand. The court makes this determination based on the Policy's definition of occurrence and the fact that even though some defendants may have landed in the public roadway after being ejected from the golf cart, it does not necessarily follow that the occurrence took place on the public roadway.

Next, with respect to any conflicting evidence, the court is required to draw all reasonable inferences from all the facts presented to it in a light most favorable to Gibbons, the non-moving party. As the magistrate judge noted, the evidence presented calls into question whether the occurrence took place in an area that allows coverage under the Policy. See R&R 9. While Universal claims that the accident occurred when Mrs. Bower hit the curb, Second Mot. for Summ. J. 2, Gibbons contends that the golf cart began to wobble after the golf cart was all the way on the grass, Resp. to Second Mot. for Summ. J. 7. Gibbons has presented sufficient evidence—Mrs. Bower's testimony, the

plat produced by Peabody and Associates, Inc.,[4] and Aimee Spencer's testimony—to call into question whether the accident occurred on a public road or on private property. The court agrees with the magistrate judge and Gibbons that Universal's evidence is not definitive. See R&R 8–9; Resp. to Second Mot. for Summ. J. 7–9. Specifically, the golf cart was moved prior to the arrival of the Mount Pleasant Police Department and the witnesses whose testimony has been provided. Clearly, the location of the accident is a material fact that is disputed. Thus, the magistrate judge was correct in his recommendation to deny Universal's motion for summary judgment.

**2. The magistrate judge erred when he determined that there is a question of fact as to coverage under Section II.A.2.e(1)(a) of the Policy.**

Next, Universal objects to the magistrate judge's finding that there is an issue of material fact as to the applicability of Section II.A.2.e. of the Policy, which allows coverage "for other recreational or leisure activity allowed by the facility." Objs. 6–8. Universal contends that the golf and leisure exception provided in Section II.A.2.e(1)(a) is inapplicable because Exclusion II.A.1. applies to the occurrence in this case. Id. at 6. Moreover, Universal asserts that Gibbons fails to provide any evidence to support the possibility that the golf cart was being used to access golf facilities or for any other activity permitted by the golf course at the time of the accident. Objs. to R&R 6. To prove that the golf cart was not being used for recreational or leisure activity, Universal references Mrs. Bower's deposition in which she admitted that at the time of the accident

---

[4] The court acknowledges that Universal has presented evidence to cast doubt on the location of the golf cart as marked on the plat. See Kijanka Dep. 14–17, ECF No. 72-4 (testifying that Rick Kijanka does not know where the golf cart originally landed after the accident despite the fact that his spray painted outline of the golf cart was used by Peabody & Associates to prepare the plat).

11

she was not using the golf cart for any type of golf course activities and that her intent was to leave the road and to return to the road immediately after the cars went around her. Id. at 7 (citing Mrs. Bowers Dep. 9:13–10:1, 14:25–15:6). Universal contends even if the accident occurred on private property, the only reason for the golf cart entering the golf course's boundaries was for a "crash-landing," and a "crash-landing" does not qualify as a "recreational or leisure activity allowed by the facility." Id.

In response, Gibbons argues that the accident occurred on the golf course, which is a private golfing facility; therefore, registration of the golf cart was not required, and the exclusion provided in Section II.A.1.b. is inapplicable. Resp. to Objs. 4. Gibbons claims that since Section II.A.1.b. does not apply, the accident is covered under Section II.A.2.e(1)(a) because at the time of the accident, the golf cart was being used for leisure activity. Id. at 4–5. Hence, Gibbons asserts that this provides a genuine issue of material fact, and summary judgment should be denied. Id. at 5.

The court agrees with the magistrate judge that Universal is not entitled to summary judgment on this ground. First, as explained above, there is a dispute of material fact as to the location of the golf cart at the time of the accident; thus, the court is unable to determine whether the exclusion in Section II.A.1.b. applies to this case. Even if the court could determine that the exclusion in Section II.A.1.b. does not apply, which would allow it to evaluate the exception provided in Section II.A.2.e(1)(a), based on the evidence provided, the court is unable to find that the golf cart ride at issue in this case could not be considered "recreational or leisure activity" under the Policy. Therefore, the magistrate judge was correct in its recommendation to deny Universal's motion for summary judgment.

## IV.    CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's R&R, ECF No. 86, and **DENIES** Universal's second motion for summary judgment, ECF No. 72.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**October 27, 2017**
**Charleston, South Carolina**