# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| UNIVERSAL NORTH AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 2:16-cv-00693-DCN |
| v. | ) ) | **ORDER** |
| GEORGE BOWER, DANIELLE BOWER, SARA GIBBONS, AND LACEY GIBBONS, *individually and as parent and natural guardian and legal representative of LG and MG*, | ) ) ) ) ) ) ) | |
| Defendant. | ) ) | |

This matter comes before the court on Universal North America Insurance Company's ("Universal") motion for default judgment against defendants George Bower and Danielle T. Bower (the "Bowers"). ECF No. 103. For the reasons set forth below, the court grants Universal's motion for default judgment and dismisses the case.

## I. BACKGROUND

As set forth in the complaint, Universal issued a homeowners policy to the Bowers covering the period January 12, 2015 through January 12, 2016. The policy excludes coverage for vehicle accidents involving an unregistered vehicle, provided the accidents occur where the vehicle is required to be registered. The underlying claim to this declaratory judgment action involves a November 28, 2015 incident that occurred when a golf cart owned by the Bowers was overturned while driving in the Rivertowne Country Club neighborhood in Mount Pleasant, South Carolina. At the time of the incident, the cart was being driven by Danielle Bower and was occupied by passengers

Lacey Gibbons, Sara Gibbons, Logan Gibbons, Mikelyn Gibbons, and Aimee Spencer. It is undisputed that the golf cart was not registered and that it was required to be registered to drive on public roads in South Carolina.

Defendant Sara Gibbons filed an answer in this case but has not brought any claims related to the matter. Defendant Aimee Spencer has executed a release of all claims and has been dismissed from this suit without prejudice. Defendant Lacey Gibbons filed an answer and has been actively litigating this case since its beginning. The Bowers have not made any appearance in this case. On August 31, 2016, the clerk entered default as to the Bowers according to Federal Rule of Civil Procedure 55, in response to Universal's request for entry of default and the accompanying affidavit of default. ECF No. 38. As set forth in the affidavit of default, the Bowers are not minors or incompetent persons or serving in the military. On July 6, 2018, nearly two and a half years after serving the Bowers, Universal moved for default judgment as to the Bowers. ECF No. 103. Universal independently served the motion for default on Mr. and Mrs. Bower. ECF No. 106. A response to the motion for default was due by July 20, 2018, and no response was received by the court. On July 30, 2018, the court held a hearing on the motion for default judgment, and neither the Bowers nor counsel for the Bowers appeared at the hearing.

## II.  STANDARD

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for entry of default judgment by the court. "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from

contesting on appeal the facts thus established[.]" Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted).

### III. DISCUSSION

Universal's complaint requests a declaration from the court that there is no coverage under Universal's policy issued to the Bowers for the golf cart accident of November 28, 2015. The court finds that the above allegations have been conclusively admitted by virtue of the Bowers's default. Accordingly, the court finds that the policy provides no coverage related to the November 28, 2015 incident, and therefore coverage is not triggered under that policy.

Although Universal only had a policy for insurance with the Bowers, it listed several other defendants who were involved in the golf cart accident and who may have had a claim under the policy—Aimee Spencer, Sara Gibbons, and Lacey Gibbons, individually and on behalf of her children. Aimee Spencer was dismissed from this action on August 16, 2016. Lacey Gibbons litigated this case fully, but has recently informed the court that she and Universal have reached a settlement on this matter. Sara Gibbons filed an answer but has otherwise been silent in this litigation. In defaulting, the Bowers, as the only owners of the policy in issue, have admitted that the policy does not provide coverage for the golf cart accident. In South Carolina, injured third parties do not have a right to sue another person's insurance company directly for a claim that arises under the insured party's policy. See, e.g., Kleckley v. Nw. Nat. Cas. Co., 526 S.E.2d 218, 219–20 (S.C. 2000), Trancik v. USAA Ins. Co., 581 S.E.2d 858, 861 (S.C. Ct. App. 2003). None of the defendants other than the Bowers could have brought suit against Universal. Thus, the default judgment against the Bowers forecloses this action entirely

as to all defendants.  The only way this case could survive the default judgment is if any of the defendants had filed a cross-claim against the Bowers, which they have not done. The court therefore finds that the default judgment dismisses the case entirely.  The court makes no ruling as to the ability of Sara Gibbons to later bring suit directly against the Bowers regarding the injury she sustained from the golf cart accident.

Universal's complaint asks for the costs and fees associated with bringing this declaratory judgment action and for such other remedy as is determined by the Court to be just and reasonable.  Universal indicated in its motion that it seeks no costs and fees related to the motion for default judgment.  Pursuant to Federal Rule of Civil Procedure 54(d)(1), the court awards costs to Universal, except for costs related to this motion for default judgment.  The court denies Universal's request for any and all fees associated with bringing this action.

### IV.   CONCLUSION

For the reasons stated above, the court hereby **GRANTS** Universal's motion for default judgment and **DISMISSES** the case.

**AND IT IS SO ORDERED.**

---
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 1, 2018**
**Charleston, South Carolina**